# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA GAINESVILLE DIVISION

**MARICA G. WHITE,**

    **Petitioner,**

v.                                  Case No. 1:17cv197-MW/CAS

**MARK S. INCH, Secretary,**
**Florida Department of Corrections,**[1]

    **Respondent.**
_____/

## REPORT AND RECOMMENDATION TO DISMISS § 2254 PETITION

On July 27, 2017, Petitioner Marica White, a state inmate proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. After direction from this Court, she filed an amended § 2254 petition. ECF No. 6. On November 19, 2018, Respondent filed a motion to dismiss the petition as untimely, with exhibits. ECF No. 23. Petitioner has not filed a reply, although she was given the opportunity to do so. *See* ECF No. 22.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). After careful consideration

---

[1]The Clerk of Court shall substitute Mark S. Inch as Secretary of the Florida Department of Corrections. Mark S. Inch succeeded Julie L. Jones as Secretary for the Department of Corrections and is automatically substituted as Respondent pursuant to Federal Rule of Civil Procedure 25(d).

of all issues raised, the undersigned has determined that no evidentiary hearing is required for disposition of this case. *See* Rule 8(a), R. Gov. § 2254 Cases in U.S. Dist. Cts. For the reasons stated herein, the pleadings and attachments before the Court show this § 2254 petition is untimely and should be dismissed. *See* Rule 4, R. Gov. § 2254 Cases (authorizing dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in federal court).

## Background and Procedural History

On July 29, 1999, a grand jury in the Eighth Judicial Circuit, Alachua County, Florida, returned an indictment charging Petitioner Marica G. White with three counts, in connection with events that took place on or about July 15, 1999: (1) first degree murder, contrary to section 782.04(1)(a), Florida Statutes; (2) armed robbery, contrary to section 812.13, Florida Statutes; and (3) kidnapping, contrary to section 787.01(1)(a), Florida Statutes. Ex. B1 at 4-6.[2] White proceeded to trial, resulting in a hung jury. Ex. B1 at 30. In the second trial, on October 13, 2000, the jury found her guilty as charged. *Id*. at 117-19; Ex. B10 at 954-57. On December 19, 2000, the judge adjudicated her guilty and sentenced her to

---

[2] Hereinafter, all citations to the state court record, "Ex. –," refer to exhibits submitted with Respondent's motion to dismiss, ECF No. 23.

Case No. 1:17cv197-MW/CAS

life in prison on each count.   Ex. B1 at 120-27.

White appealed her judgment and sentence to the First District Court of Appeal (First DCA), assigned case number 1D01-484.   *See* Ex. B11.   On October 10, 2001, the First DCA per curiam affirmed the case without a written opinion.   Ex. B11; White v. State, 796 So. 2d 1170 (Fla. 1st DCA 2001) (table).

On or about October 9, 2003, White filed a pro se petition for writ of certiorari in the First DCA which the court treated as a petition alleging ineffective assistance of appellate counsel and assigned case number 1D03-4296.   *See* Exs. E1, E2, E3.   The First DCA denied the petition per curiam, without a written opinion, on December 15, 2003.   Ex. E5; White v. State, 865 So. 2d 487 (Fla. 1st DCA 2003).   White filed a motion for rehearing, Ex. E6, which the First DCA denied by order on January 26, 2004, Ex. E7.

In the meantime, on October 7, 2003, White filed a pro se motion for post-conviction relief in the state trial court, raising five claims, including four claims alleging ineffective assistance of counsel (IAC).   Ex. D1 at 1-23.   The state post-conviction trial court summarily denied four of the claims in an order dated April 26, 2004, and directed the State to respond to the remaining IAC claim, which alleged trial counsel performed

ineffectively by not investigating and calling witnesses. Id. at 24-26. Ultimately, the state court set an evidentiary hearing the remaining ground and appointed counsel to represent White at the hearing, which took place May 10, 2005. Ex. C1 at 33, 46-47; Ex. C2 at 1-36. At the conclusion of the hearing, the judge denied White's claim. Ex. C2 at 34-35. The court rendered an order July 8, 2005, consistent with the oral ruling and denying post-conviction relief. Ex. C1 at 55-57.

    White appealed, through counsel, to the First DCA, assigned case number 1D05-3382, and counsel filed an initial brief. Ex. C3. The State filed a response to the First DCA's show cause order. Exs. C4, C5. On April 7, 2006, the First DCA issued a written opinion affirming the denial of three of the claims, but finding summary denial of the first two claims was improper. Ex. C6; <u>White v. State</u>, 927 So. 2d 88 (Fla. 1st DCA 2006). Accordingly, the First DCA reversed and remanded the denial of grounds one and two for the post-conviction trial court to either hold an evidentiary hearing or attach portions of the record conclusively refuting those claims. Id. The mandate issued April 25, 2006. Ex. C7.

    On remand, the state post-conviction trial court set an evidentiary hearing for June 23, 2006, and appointed counsel for White. Ex. C8. After the hearing, the court rendered an order on November 7, 2008,

denying the claims.   Ex. C9.

On January 2, 2013, White filed a Notice of Inquiry in the state trial court regarding the status of "post conviction regarding all grounds in itself." Ex. H1.   On January 8, 2013, and the court clerk responded, "There has been no further action by the Court since the Order Denying Motion for Post-Conviction Relief as to Ground 1 and Ground 2 dated November 7, 2008."   Ex. H2.

On July 14, 2014, White filed a Motion to Compel Production of Client Records in the state trial court.   Ex. H3.

On August 15, 2014, White filed a pro se Petition for Belated Appeal in the First DCA, seeking to appeal the denial of post-conviction relief.   Ex. F2.   On June 10, 2015, the First DCA dismissed the petition, assigned case number 1D14-3813.   Ex. F3.

On January 5, 2015, White filed another Notice of Inquiry in the state trial court, indicating she had not been provided a copy of the November 7, 2008, order denying post-conviction relief.   Ex. H4.   On January 5, 2015, the court clerk responded, "Per the enclosed Certificate of Service, you were provided a copy of the November 7, 2008 Order Denying Motion for Post-Conviction Relief as to Ground 1 and Ground 2 on November 14, 2008."   Ex. H5.

On September 16, 2015, White filed, in the trial court, a request for copies needed for her clemency proceedings. Ex. H6. The court clerk responded on September 23, 2015. Ex. H7.

On February 19, 2016, White filed a "Motion to Rule" in her belated appeal, First DCA Case 1D14-3813. Ex. F5. The court denied this motion by order on March 11, 2016, and indicated "[t]his case stands dismissed pursuant to the June 10, 2015, order." Ex. F4.

On October 14, 2016, White filed a Petition for Writ of Mandamus in the Florida Supreme Court, challenging the First DCA's denial of her petition for belated appeal. Ex. F6, Ex. F7. The Florida Supreme Court denied the petition on November 23, 2016, in case number SC16-1936. Ex. F8.

As indicated above, White filed a § 2254 petition in this Court on July 27, 2017. ECF No. 1. After direction from this Court, she filed an amended § 2254 petition, which raises four grounds, including three alleging IAC. ECF No. 6. Respondent has filed a motion to dismiss the petition as untimely, with exhibits. ECF No. 23. Petitioner has not filed a reply, although she was given the opportunity to do so. *See* ECF No. 22.

## Analysis

Pursuant to 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), federal courts may grant habeas corpus relief for persons in state custody.  Under the AEDPA, there is a one-year limitations period for filing a § 2254 petition.  28 U.S.C. § 2244(d)(1).  The period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," though there are later commencement dates.  *Id.* § 2244(d)(1)(A).  The limitations period is tolled for the time during which a "properly filed" application for relief is pending in state court.  *Id.* § 2244(d)(2).  The time may be equitably tolled, but "only if a petitioner establishes *both* extraordinary circumstances and due diligence."  Diaz v. Sec'y for Dep't of Corr., 362 F.3d 698, 702 (11th Cir. 2004).

In this case, the state trial court rendered White's judgment of conviction and sentence on December 22, 2000.  Ex. B1 at 120-27.  White filed a direct appeal and, on October 10, 2001, the First DCA affirmed the case per curiam without a written opinion in case number 1D01-484.  Ex. B11.  Pursuant to U.S. Supreme Court Rule 13.3, White then had ninety (90) days to seek certiorari review in the U.S. Supreme Court, which she did not do.  Accordingly, her conviction and sentence

became final for federal habeas purposes on January 8, 2002. *See* 28 U.S.C. § 2244(d)(1)(A); *see also, e.g.*, Nix v. Sec'y for Dep't of Corr., 393 F.3d 1235, 1236-37 (11th Cir. 2004); Kaufman v. United States, 282 F.3d 1336, 1338 (11th Cir. 2002). White had one year thereafter, or until January 8, 2003, to file her federal habeas petition, absent tolling activity. *See, e.g.*, Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (calculating limitations period according to "anniversary method"); Ferreira v. Sec'y, Dep't of Corr., 494 F.3d 1286, 1289 n.1 (11th Cir. 2007) (applying anniversary date analysis).

Nothing indicates White filed anything on or before January 8, 2003. Accordingly, her one-year AEDPA limitation period expired on that date. Anything she filed thereafter could not toll the limitation period as no time remained in that period. *See, e.g.,* Hutchinson v. State of Fla., 677 F.3d 1097, 1098 (11th Cir. 2012) ("In order for that § 2244(d)(2) statutory tolling to apply, the petitioner must file his state collateral petition before the one-year period for filing his federal habeas petition has run."); Tinker v. Moore, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001), *cert. denied*, 534 U.S. 1144 (2002) ("We remind petitioners that a properly and timely filed petition in state court only tolls the time remaining within the federal limitation period."). As a result, White's § 2254 petition filed July 27, 2017, is

untimely under § 2244(d)(1)(A).

## Conclusion

Based on the foregoing, it is respectfully **RECOMMENDED** that Respondent's motion to dismiss, ECF No. 23, be **GRANTED** and Petitioner White's amended § 2254 petition, ECF No. 6, be **DISMISSED as untimely**.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining substantial showing) (citation omitted). Therefore, the Court should deny a certificate of appealability.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." The parties shall make any argument as to

whether a certificate should issue by objections to this Report and Recommendation.

Leave to appeal in forma pauperis should also be denied. *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

## Recommendation

It is therefore respectfully **RECOMMENDED** that Respondent's motion to dismiss (ECF No. 23) be **GRANTED** and the amended § 2254 petition (ECF No. 6) be **DISMISSED as untimely**. It is further **RECOMMENDED** that a certificate of appealability be **DENIED** and that leave to appeal in forma pauperis be **DENIED**. The Clerk shall substitute Mark S. Inch for Julie Jones as Respondent.

**IN CHAMBERS** at Tallahassee, Florida, on January 23, 2019.

> S/ Charles A. Stampelos
> **CHARLES A. STAMPELOS**
> **UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2).   A copy of the objections shall be served upon all other parties.   A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.   Fed. R. Civ. P. 72(b)(2).   <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>.   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.   *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.**